# La Porte Borough.

*Boroughs—Incorporation—Grand jury—Quarter sessions—Act of May 29, 1889, P. L. 393—Statutes—Repeal.*

The Act of June 26, 1895, P. L. 389 repeals so much of the Act of May 29, 1889, P. L. 393 relating to " the division of boroughs and the erection of new boroughs as provides for the concurrence of the grand jury of the county before any decree of incorporation can be legally made.

*Boroughs—Incorporation—Filing petition—Correction of mistake.*

Where, in a county in which the same person is clerk of the court of quarter sessions, and the prothonotary of the court of common pleas, the court inadvertently directs a petition for the incorporation of a borough to be filed in the office of the prothonotary instead of in office of the clerk of the quarter sessions, the mistake may be subsequently corrected by the court, if it appears that no one has been mislead or injured by it.

*Boroughs—Division of borough—Name—County seat.*

Where a borough in which the county seat is situated is divided into two boroughs, the new borough in which the county buildings are situated may receive another and different name from the original borough.

*Boroughs—Discretion of court—Review.*

The appellate court will not reverse an order of the court of quarter sessions incorporating a borough unless there is a manifest abuse of legal discretion by that court.

*Boroughs—Incorporation—Signatures—Act of June 2, 1871.*

The signing of an application for the incorporation of a borough within the three months immediately preceeding its presentation to the court, as provided by the Act of June 2, 1871, P. L. 283, is a jurisdictional fact which must be affirmatively stated in the petition, or made manifest in some way in the proceedings.

Argued May 2, 1904. Appeal, No. 27, Feb. T., 1904, by La Porte Borough, Elk Tanning Co. et al., from order of Q. S. Sullivan Co., Dec. T., 1901, No. 2, dismissing exceptions to petition for incorporating a borough in the matter of the division of La Porte Borough. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Petition for division of La Porte Borough and the erection of South La Porte Borough.

The court entered an order incorporating the borough of South La Porte. Various exceptions were filed to the order.

The questions raised by the order appear by the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to the order of incorporation.

*E. J. Mullen* and *Rush J. Thomson*, with them *C. H. M' Cauley*, for appellant.—The act of 1895 does not change the law as to the requisites of the petition for the incorporation of new boroughs, but simply changes the mode of procedure after the petition has been filed in court. The requisites of the petition remain the same as they were under the Acts of April 1,. 1834, P. L. 163, April 3, 1851, P. L. 320, and the Act of June 2, 1871, P. L. 283 : Emsworth Borough Incorporation, 5 Pa. Superior Ct. 29; Wayne Borough Incorporation, 12 Pa. Superior Ct. 363.

The act of 1895 repeals all laws requiring the laying of the proceedings before the grand jury upon any application for the incorporation of a borough, but does not dispense with the prerequisite of a favorable report by the grand jury, upon an application for the division of a borough.

The control of a court over its records is limited, to the power of making the records show what the judicial action really was. The court cannot, under the guise of amending its record, correct judicial error or remedy the effect of judicial nonaction.

Proceedings for the incorporation of a borough are not in the nature of private litigation; the court has a public duty which no action of a portion of the community, no matter how large, can excuse it from performing. The doctrine of estoppel or implied waiver has no application to such a case : Linton Borough Incorporation, 5 Pa. Superior Ct. 36 ; Wayne Borough Incorporation, 12 Pa. Superior Ct. 363.

The Act of June 26, 1895, P. L. 389, is a procedure act and does not change the law relative to the requisites of the petition, the qualifications of the petitioners and the time of signing : Emsworth Borough Incorporation, 5 Pa. Superior Ct. 29; Versailles Borough, 159 Pa. 43; Osborne Borough Incorporation, 101 Pa. 284 ; Little Meadows Borough, 28 Pa. 256 ; Middletown Road, 15 Pa. Superior Ct. 167.

*Thomas J. Ingham*, with him *Frank H. Ingham*, for appellees.

OPINION BY BEAVER, J., October 17, 1904 :

The borough of La Porte, in the county of Sullivan, was incorporated in 1853. In 1886 a village of La Porte township, known as the Tannery Addition, which, although not immediately adjoining, was in the near neighborhood of the borough, was annexed thereto by proper legal proceedings. The township, however, of which the said village was a part, adjoined the said borough. This consolidation gave the borough, according to the census of 1900, 442 inhabitants and an assessed valuation of property for taxable purposes of about $58,000.

1. The petition presented by the citizens of a portion of the borough of La Porte asked that the portion of the said borough embraced within certain territorial limits, therein specifically described, should " be set off from the said borough of La Porte and erected and incorporated into a new and separate borough as described." It is objected that the said application, being evidently made under the provisions of the Act of May 29, 1889, P. L. 393, relating to " the division of boroughs and the erection of new boroughs " should have had the concurrence of the grand jury of the county before any decree of incorporation could be legally made. The provisions of the Act of June 26, 1895, P. L. 389, by which the part of the proceedings, which requires the laying of the same before the grand jury and its approval thereof, is abolished, was recognized, but it is claimed that they do not apply and that the latter act does not in terms repeal the former. It is only necessary to say in reference to this contention that the second section of the act of 1895, supra, provides that " all laws or parts of laws requiring the laying of the application for the incorporation of a borough before the grand jury, and its approval and certificate thereof, and inconsistent herewith are repealed." This was unquestionably an application for the incorporation of a borough —not, it is true, out of a portion of a township but out of a portion of an existing borough. The act of 1889, which was thought to be necessary in order to authorize the incorporation of one borough out of a portion of another, gave authority to do this. It is difficult to see any real grounds of difference between the erection of a borough out of a part of a township

and a portion of a borough. Why, therefore, the repealing clause of the act of 1895 should be held to apply to the act of 1871 and not to the act of 1889 we are at a loss to understand. The evident intention of the act of 1895 was to obviate the necessity for laying the proceedings for the incorporation of boroughs before the grand jury and securing their concurrence therein and to place the entire responsibility for such incorporation upon the court of quarter sessions. The repealing clause of this act, therefore, clearly related to that part of the act of 1889 which required the concurrence of the grand jury and left the act in other respects in full force : Wayne Borough Incorporation, 12 Pa. Superior Ct. 363. This sufficiently disposes of the first and second assignments of error.

2. The third, fourth and seventh assignments relate to the power of the court to allow the application which had been directed to be filed in the prothonotary's office December 10, to be filed in the quarter sessions September 23, 1900, nunc pro tunc, as of December 10, 1900. The petition was directed to the court of quarter sessions. The clerk of this court is also the prothonotary of the court of common pleas and has but a single office. By mere inadvertence, the petition was directed to be filed in the prothonotary's office which was, as a matter of fact, also the office of the clerk of the court of quarter sessions. We have no question of the power of the court to correct this inadvertence. All parties interested had notice of the application which, as published, stated that the application had been made to the court of quarter sessions, which was true, and filed by the clerk, which was also true, but filed by direction of the court in the prothonotary's office. There is no allegation that any one was actually misled or that application was made to the clerk of the court of quarter sessions who, in his capacity as such, had control of the records of that court, for an inspection of the petition which was denied, because as clerk of said court he could not show them the record filed in the prothonotary's office, he being at the same time prothonotary of the court of common pleas. This is the very refinement of technicality and, inasmuch as the correction was made before the decree and when all parties were in court, there is no possible ground of a claim that any injustice was done. These assignments are, therefore, all overruled.

3. The name of the new borough incorporated by the court, as fixed in its decree, is South La Porte. The name of the borough before its division was La Porte. The borough of La Porte embraced the county seat of Sullivan county, which would be embraced in the new borough of South La Porte, if these proceedings were finally confirmed. A name, however, does not constitute or in any manner establish the county seat. It is a locality, a certain portion of territory embracing the public buildings. However inexpedient it may be to change the name, simply as a matter of convenience for the public, the county seat is not changed by a change of name. It remains precisely the same and we cannot say that the court had no power to make such a change and to give the name of South La Porte to the new borough which embraces the county seat and allow the portion from which the new borough was taken to retain the name of La Porte. Doubtless there would have been quite as much ground for complaint if the name La Porte had been retained by the new borough and the name of North La Porte given to that portion of the old borough which remained. There is no substantial legal merit in this exception.

4. The remaining assignments of error, save only the thirteenth, relate to the abuse of discretion by the court in making the final decree which created the new borough of South La Porte. However we might differ from the court below in the expediency of dividing a borough containing less then 500 inhabitants, with an assessed valuation of property of less then $60,000, we cannot say that there was such manifest abuse of discretion as would justify us in reversing the decree upon that ground and, unless there be a manifest abuse of legal discretion, this court has no power to reverse on the merits.

5. There remains but a single assignment of error which seems to be admitted by the appellee to be well grounded. In the Act of June 2, 1871, P. L. 283, it is provided: " That any application for the incorporation of a borough under the general borough acts of first of April one thousand eight hundred and thirty-four and third of April one thousand eight hundred and fifty-one, shall be signed by the petitioners, whose names are attached thereto, within the three months immediately preced-

ing its presentation to the court." The signing of the application within the period prescribed by law is a jurisdictional fact which must be affirmatively stated in the petition or made manifest in some way in the proceedings. It is admitted by the appellee that the record is defective in this respect. The court, therefore, had no jurisdiction to make the decree from which this appeal is taken and, for this reason, it must be reversed.

Decree reversed.